******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GABRIEL COULOUTE ET AL. *v.* BOARD
OF EDUCATION OF THE TOWN
OF GLASTONBURY ET AL.
(AC 43375)

Elgo, Alexander and Sheldon, Js.

*Syllabus*

The plaintiffs, G, a high school student, and his mother, sought damages
from the defendants, the Board of Education of the Town of Glastonbury
and several school administrators and educators as a result of injuries
G sustained while playing football at the high school. The plaintiffs had
brought a previous action in connection with G's injuries in which
the trial court granted the defendants' motion to strike and thereafter
rendered judgment for the defendants after the plaintiffs failed to
replead. The plaintiffs then appealed to this court but thereafter with-
drew the appeal. The defendants in both actions were the same with
the exception of a football coach who was named as a defendant in
each case. The defendants in the present action filed a motion for
summary judgment, claiming that the doctrine of res judicata barred
the present action regardless of any additional facts or different theories
of liability that the plaintiffs alleged. The trial court granted the defen-
dants' motion for summary judgment, concluding that the plaintiffs'
claims were barred by the doctrine of res judicata. The plaintiffs there-
after appealed to this court. *Held* that the judgment of the trial court
was affirmed, as the issues were properly resolved in that court's thor-
ough and well reasoned memorandum of decision, which this court
adopted as a proper statement of the facts, issues and applicable law.

Argued March 10—officially released April 20, 2021

*Procedural History*

Action to recover damages for, inter alia, the defen-
dants' alleged negligence, and for other relief, brought
to the Superior Court in the judicial district of New
Haven and transferred to the judicial district of Hart-
ford, where the court, *Hon. Robert B. Shapiro*, judge
trial referee, granted the defendants' motion for sum-
mary judgment and rendered judgment thereon, from
which the plaintiffs appealed to this court. *Affirmed.*

*Mark S. Kliger*, with whom, on the brief, was *Irving
J. Pinsky*, for the plaintiffs (appellants).

*Keith R. Rudzik*, for the defendants (appellees).

*Opinion*

PER CURIAM. The plaintiffs, Gabriel Couloute and his mother, April Couloute,[1] appeal from the summary judgment rendered by the trial court in favor of the defendants, the Board of Education of the Town of Glastonbury; Alan Bookman, Superintendent of Schools; Nancy E. Bean, Principal of Glastonbury High School (high school); Trish Witkin, athletic director at the high school; and Mark Alexander, junior varsity football coach at the high school. On appeal, the plaintiffs claim that the court improperly concluded that the doctrine of res judicata barred the present action. We affirm the judgment of the trial court.

In 2016, the plaintiffs commenced a civil action (2016 action) regarding injuries that Gabriel allegedly sustained while engaging in interscholastic football activities at the high school during the 2016–2017 school year. The defendants in that action were identical to those in the present case, with one exception—Varsity Football Coach Scott Daniels was named as a defendant instead of Alexander. In their complaint, the plaintiffs set forth twenty-four counts alleging battery, fraud, negligence, due process violations, and violations of the Racketeer Influenced and Corrupt Organizations Act. See 18 U.S.C. § 1961 et seq. (2012). The defendants filed a motion to strike the complaint in its entirety, which the court granted by memorandum of decision dated January 5, 2018. When the plaintiffs failed to replead, the court rendered judgment in favor of the defendants. Although the plaintiffs filed an appeal of that judgment with this court, they subsequently withdrew that appeal.

Approximately two months after they withdrew the appeal, the plaintiffs initiated the present action. They alleged twenty counts in their complaint sounding in negligence and recklessness, all related to a concussion that Gabriel allegedly sustained while playing football at the high school on October 20, 2016. The defendants thereafter moved for summary judgment, claiming that the judgment in the 2016 action "was rendered on the merits, and the doctrine of res judicata is an absolute bar to this second action on the same matters/causes of actions and any others that could have been raised in the [2016 action] regardless of what additional facts or different theories of liability are raised in this second action." The plaintiffs filed an opposition to that motion, and the court heard argument from the parties on July 8, 2019. On August 29, 2019, the court issued a memorandum of decision rendering summary judgment in favor of the defendants, concluding that the doctrine of res judicata barred the plaintiffs' claims. The plaintiffs now challenge the propriety of that determination.

Our examination of the pleadings, affidavits, and other proof submitted, as well as the briefs and arguments of the parties, persuades us that the judgment

should be affirmed. The issues properly were resolved in the court's thorough and well reasoned memorandum of decision. See *Couloute* v. *Board of Education*, Superior Court, judicial district of Hartford, Docket No. CV-18-6106959-S (August 29, 2019) (reprinted at 203 Conn. App. 124,      A.3d      ). We therefore adopt that memorandum of decision as a proper statement of the relevant facts, issues, and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, 311 Conn. 259, 262, 86 A.3d 463 (2014); *Phadnis* v. *Great Expression Dental Centers of Connecticut, P.C.*, 170 Conn. App. 79, 81, 153 A.3d 687 (2017).

The judgment is affirmed.

[1] For clarity, we refer to Gabriel Couloute and April Couloute individually by their first names and collectively as the plaintiffs.